**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| LEASE FINANCE GROUP LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOSE OLIVER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against LEASE FINANCE GROUP LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOSE OLIVER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lisle, County of DuPage, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6. LEASE FINANCE GROUP LLC, (hereinafter, "Defendant") is a business entity that regularly conducts business in the State of Illinois. Defendant is registered as a limited liability company in the state of Illinois.

7. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV. ALLEGATIONS

9. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to Experian, a "consumer reporting agency" as that term is defined by 15 U.S.C. 1681a(f).

10. Defendant is aware that the credit reporting agency to which it is providing this information is going to disseminate it to various other persons or parties who will be reviewing said information for the purpose of extending credit, insurance or employment.

11. The derogatory and inaccurate statements and information relating to Plaintiff (hereinafter, "the inaccurate information") of which Plaintiff complains is an account, or trade-line that reflects Plaintiff's history of credit with the Defendant, named Lease Finance Group (hereinafter "LFG").

12. Specifically, Plaintiff asserts that he never incurred a debt with LFG.

13. Plaintiff does not presently owe a debt to LFG.

14. Plaintiff has never owed a debt to LFG.

15. From 2009 through 2010, and on multiple occasions therein, Plaintiff communicated directly with Defendant via telephone wherein Plaintiff disputed that he owed a debt to Defendant.

16. From 2009 through 2010, and on multiple occasions therein, Plaintiff sent written correspondence to Defendant via facsimile wherein Plaintiff disputed that he owed a debt to Defendant .

17. During the course of the aforementioned communications between Plaintiff and Defendant, Plaintiff became aware that a debt was owed to Defendant by a company named "Taco Express."

18. During the course of the aforementioned communications, Plaintiff informed Defendant that he was the president of a company named "Taco Grill and Salsa Bar, Inc."

19. During the course of the aforementioned communications, Plaintiff informed Defendant that he had no affiliation with the company named "Taco Express."

20. Despite the foregoing, Defendant has disseminated information that the LFG account is Plaintiff's debt.

21. Despite the foregoing, Defendant has disseminated information that the LFG account has been charged off.

22. Credit reports and/or information that the LFG account is Plaintiff's debt and that the LFG account has been charged off have been published and disseminated to other third-parties, person, entities and grantors.

23. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

24. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff's credit reports do not note the disputed status of the inaccurate information.

26. In or around August 2009, Plaintiff disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

27. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Defendant of Plaintiff's dispute and the nature of the dispute.

28. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Defendant received notification from Experian of Plaintiff's dispute and the nature of the dispute.

29. Notwithstanding Plaintiff's efforts and Defendant's duty to conduct a reasonable investigation into the nature of Plaintiff's dispute, on or about September 18, 2009, Defendant verified the aforesaid account and continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

30. Again, in or around September 2009, Plaintiff disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

31. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Defendant of Plaintiff's dispute and the nature of the dispute.

32. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Experian, Defendant received notification from Experian of Plaintiff's dispute and the nature of the dispute.

33. Notwithstanding Plaintiff's efforts and Defendant's duty to conduct a reasonable investigation into the nature of Plaintiff's dispute, on or about October 21, 2009, Defendant verified the aforesaid account and continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

34. Again, on or about February 10, 2011, Plaintiff disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

35. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Defendant of Plaintiff's dispute and the nature of the dispute.

36. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Experian, Defendant received notification from Experian of Plaintiff's dispute and the nature of the dispute.

37. Notwithstanding Plaintiff's efforts and Defendant's duty to conduct a reasonable investigation into the nature of Plaintiff's dispute, on or about March 15, 2011, Defendant verified the aforesaid account and continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

38. Presently, Defendant has failed to note the disputed status of the inaccurate information.

39. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

40. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   d. Decreased credit score which may result in inability to obtain credit on future attempts.

41. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

42. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

43. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to report to a consumer reporting agency that Plaintiff disputed the debt he allegedly owed after receiving notice of a dispute;

6

    b. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Experian;

    c. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Experian;

    d. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    g. Willfully and negligently failing to comply with the requirements imposed on Defendant of information pursuant to 15 U.S.C. §1681s-2.

44. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JOSE OLIVER, by and through his attorneys, respectfully prays for judgment in his favor and against LEASE FINANCE GROUP LLC, as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages;

    c. Plaintiff's attorneys' fees and costs;

    d. Punitive damages; and,

    e. Such other and further relief as may be necessary, just and proper.

## V.     JURY DEMAND

45.     Plaintiff hereby demands a trial by jury on all issues so triable.

                                                                        Respectfully submitted,
                                                                        **JOSE OLIVER**

                                                                        **By:**    s/ David M. Marco
                                                                                   Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us